UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| ROBERT L. PYLES, | ) | Case No. 13-10044-JKC-7 |
| | ) | |
|     Debtor. | ) | |
| _____ | ) | |
| | ) | |
| ROBERT L. PYLES, | ) | |
| | ) | |
|     Plaintiff, | ) | |
| | ) | |
| v. | ) | Adv. Proc. No. 14-50070 |
| | ) | |
| VERIZON WIRELESS, | ) | |
| | ) | |
|     Defendant. | ) | |
| _____ | ) | |

## MOTION TO DISMISS COMPLAINT

TO THE HONORABLE JAMES K. COACHYS, BANKRUPTCY JUDGE:

COMES NOW Verizon Wireless Inc. ("VWI"), defendant in the above-captioned adversary proceeding and files this motion to dismiss the Complaint Seeking Damages in Non-Core Adversary Proceeding for Violation of the Discharge Injunction and State and Federal Laws ("Complaint"), filed March 27, 2014 by Robert L. Pyles ("Plaintiff" or "Debtor"). In support of its Motion to Dismiss, VWI state as follows:

1. Plaintiff filed the Complaint against VWI seeking damages for allegedly unlawful practices in connection with efforts to collect a debt discharged in the Debtor's bankruptcy case and enforcement of the Order of Discharge entered in the Debtor's bankruptcy case.

CORE/0048629.0671/100884444.1

2. For the reasons more specifically set forth below, the Complaint must be dismissed as the Plaintiff has failed to state a claim against VWI upon which relief can be granted.

STATEMENT OF FACTS

3. The Debtor filed a voluntary petition under Chapter 7 of the Bankruptcy Code, 11 U.S.C. §§ 101 – 1532 ("Bankruptcy Code"), on September 20, 2013.

4. The Debtor scheduled a claim in an unknown amount on his Schedule F for a cell phone contract with "Verizon Wireless."

5. The Debtor's discharge was granted on January 22, 2014.

6. On March 15, 2014, the Debtor filed a motion to reopen his bankruptcy case, which was closed on January 22, 2014. An order granting the motion to reopen the bankruptcy case was entered on March 17, 2014, and on March 27, 2014, the Debtor filed the Complaint against VWI seeking "actual damages, statutory damages, reasonable legal fees, and all other relief just and proper." Complaint, p. 3.

7. The Debtor asserts that these damages are warranted due to VWI's actions in continuing collection activity against the Debtor after the entry of his discharge.

8. As explained in the declaration of William M. Vermette, Esq., attached hereto, VWI is not the entity that provided telecommunications services to the Debtor. Vermette Declaration, ¶ 6.

9. Nor is VWI engaged in the business of collecting debts owed to the entity that did provide telecommunications services to the Debtor, Cellco Partnership d/b/a Verizon Wireless. Vermette Declaration, ¶ ¶ 6 -7.

CORE/0048629.0671/100884444.1

10. In the interest of efficiency and preservation of costs, counsel for VWI contacted counsel for the Debtor prior to the filing of the Motion to Dismiss to explain that VWI was not the correct party to the adversary proceeding.

11. VWI's counsel identified Cellco Partnership d/b/a Verizon Wireless as the correct party to the proceeding and suggested that Debtor's counsel amend the Complaint accordingly.

12. Debtor's counsel has not amended the Complaint.

## LEGAL STANDARD

13. Under Federal Rule of Civil Procedure 12(b)(6), a defendant can move to dismiss a complaint on the ground that the complaint fails to state a claim upon which relief may be granted. Fed. R. Civ. P. 12(b)(6). Rule 12(b)(6) is made applicable to this adversary proceeding pursuant to Rule 7012(b) of the Federal Rules of Bankruptcy Procedure.

14. In order to survive a motion to dismiss, a complaint must allege a plausible set of facts "sufficient to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007); accord *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009).

15. The Seventh Circuit "has read the *Bell Atlantic* decision to impose 'two easy-to-clear hurdles':

> First, the complaint must describe the claim in sufficient detail to give the defendant 'fair notice of what the…claim is and the grounds upon which it rests.' Second, its allegations must plausibly suggest that the plaintiff has a right to relief, raising that possibility above a 'speculative level'; if they do not, the plaintiff pleads itself out of court.

*E.E.O.C. v. Concentra Health Services, Inc.*, 496 F.3d 773, 776 (7th Cir. 2007) (citations omitted)." *United States v. Shanrie Co.*, 610 F. Supp. 2d 958, 959-960 (S.D. Ill. 2009).

3

ARGUMENT

16. VWI did not provide any services to the Debtor and therefore was not owed a debt by the Debtor.

17. VWI does not collect debts owed to the entity that did provide services to the Debtor, Cellco Partnership d/b/a Verizon Wireless.

18. VWI did not take any actions against the Debtor during the pendency or after his bankruptcy proceeding.

19. Regardless of whether the conduct asserted in the Complaint was a violation of the Debtor's bankruptcy discharge, VWI did not do the actions described.

20. A search of the public records would have revealed the correct entity to name as defendant to the adversary proceeding. In addition, counsel for VWI provided Debtor's counsel with the name of the entity that provided wireless telecommunications services to the Debtor. Counsel also offered that a resource such as a public SEC filing would confirm this information. *See* Vermette Declaration, ¶ 10, Ex. A.

21. The Debtor has failed to state a claim against VWI upon which relief can be granted.

For these reasons, VWI respectfully requests that the Court grant the Motion to Dismiss.

Dated: April 28, 2014

Respectfully submitted:

VERIZON WIRELESS INC.

By:

*/s/ Whitney L. Mosby*
Whitney L. Mosby (#23691-49)
BINGHAM GREENBAUM DOLL LLP

4

          10 West Market Street, #2700
          Indianapolis, IN 46204
          Tel.  317-635-8900
          Fax  317-236-9907
          E-mail: wmosby@bdglegal.com

*Local counsel for Verizon Wireless Inc.*

and

Darrell W. Clark, Esq.
STINSON LEONARD STREET LLP
1775 Pennsylvania Ave., NW, Suite 800
Washington, DC 20006
Telephone: 202.785.9100
Facsimile: 202.785.9163
Email: darrell.clark@stinsonleonard.com

*Counsel for Verizon Wireless Inc.*

## CERTIFICATE OF SERVICE

   I hereby certify that on April 28, 2014, a copy of the foregoing Motion to Dismiss, with a Declaration in Support of Motion to Dismiss, and a proposed order were filed electronically. Notice of this filing will be sent to the following parties through the Court's Electronic Case Filing System.  Parties may access this filing through the Court's system.

| | |
|---|---|
| Julie A Camden | US Trustee |
| Camden & Meridew, P.C. | Office of U.S. Trustee |
| 10412 Allisonville Road, Suite 200 | 101 W. Ohio Street, Suite 1000 |
| Fishers, IN 46038 | Indianapolis, IN 46204 |
| jc@camlawyers.com | ustpregion10.in.ecf@usdoj.gov |

            /s/ *Whitney L. Mosby*

5